IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MYRON,<br><br>    Plaintiff,<br><br> vs.<br><br>CAL TERHUNE, et al.,<br><br>    Defendants. | No. C 99-21265-JW (PR)<br><br>ORDER AFTER REMAND |

  Plaintiff in the above titled action filed a pro se civil rights complaint under 42 U.S.C. § 1983 with several other inmates. On February 25, 2000, the Court dismissed with leave to amend several of plaintiffs' claims against prison officials at Salinas Valley State Prison ("SVPS"), including the first claim in which they alleged, among other things, "overcrowding and understaffing," and "oppressive cell conditions." The Court dismissed without leave to amend plaintiffs' eighth claim that their First and Fourteenth Amendment rights were violated when SVSP prison officials refused to allow them to start a political action committee and a prison newspaper as frivolous. Plaintiffs never amended. On October 17, 2001, the Court ordered service of two cognizable claims: 1) denial of access to the courts, and 2) inadequate medical care while incarcerated at SVSP. The Court granted defendants' motion for summary

Order After Remand
G:\PRO-SE\SJ.JW\CR.99\Myron265.svc.remand.wpd 1

judgment as to these two claims on March 30, 2004.

Only plaintiff Myron appealed from this Court's *sua sponte* dismissal of six of his claims and from summary judgment on the two remaining claims. On December 3, 2007, the Ninth Circuit Court of Appeals affirmed in part, reversed in part, dismissed in part, and remanded the case for further proceedings. The Ninth Circuit affirmed summary judgment and all of the *sua sponte* dismissals except for two claims. The Court of Appeals reversed and remanded for further proceedings plaintiff's first and eighth claims which were dismissed *sua sponte*, stated as follows respectively: 1) "overcrowding and understaffing" and "oppressive cell conditions"; and 2) the violation of First and Fourteenth Amendment rights when prison officials refused to allow plaintiff to start a political action committee and access to newspapers and magazines.

With respect to plaintiff's first claim, the Ninth Circuit held as follows:

> The district court dismissed most of Myron's first claim and held that because Myron's challenges regarding "overcrowding and understaffing" and "oppressive cell conditions" did not allege physical injury, 42 U.S.C. § 1997e(e) barred the claim entirely. However, in *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002), we ruled that section 1997e(e) only restricts the availability of certain types of relief (monetary damages in some instances), while leaving open the possibility of nominal and punitive damages. We held that section 1997e(e) did not bar claims entirely, but merely restricted the available types of relief. *Id.*
> The district court therefore erroneously dismissed much of Myron's first claim. We revere that ruling and remand. As such, Myron's as-applied Eighth Amendment challenge to the statute is moot. *See Cantrell v. City of Long Beach*, 241 F.3d 674, 678(9th Cir. 2001). We dismiss that portion of Myron's appeal.
> Because we are reversing on statutory interpretation grounds, we do not reach Myron's facial constitutional challenges to the statute.

Memorandum at 2-3. (Docket No. 90.)

With respect to plaintiff's eighth claim alleging violations of his First and Fourteenth Amendment rights, the Ninth Circuit held as follows:

> Myron first alleges prison officials have prevented him from forming a political action committee. The government can regulate prisoner organization activities if it can show that its restrictions are "rationally related to the reasonable... objectives of prison administration. *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S.

> 119, 129 (1977); *accord Shaw v. Murphy*, 532 U.S. 223, 229 (2001) ("When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests") (quotation marks and citation omitted).
> Because the district court dismissed Myron's complaint *sua sponte*, the defendants have not yet offered any justification for the restriction, and none is contained in Myron's complaint. Because no legitimate penological interest has yet been offered, we must reverse the dismissal of this claim and remand.
> Myron next alleges that he has been denied access to newspapers and magazines. "It is well settled that the First Amendment protects the flow of information to prisoners; any limitation must reasonably relate to a legitimate penological interest." See Crofton v. Roe, 170 F.3d 957, 959 (9th Cir. 1999). Because the record does not yet contain any justification for the restriction, we must reverse dismissal and remand this claim.

Memorandum at 7.

In accordance with the decision of the Ninth Circuit, the Court will allow these claims to proceed on the merits and orders service of the complaint upon defendants.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, (a) copies of the complaint in this matter, (b) all attachments thereto, (c) copies of this Order, and (d) copies of the Order issued on February 25, 2000, upon the following defendants: Cal Terhune, Gary Lindsey, G.E. Harris, Ylst, Alfonso K. Fillon, D.A. Mayle, Carl Larsen, A.A. Lamarque, Hamilton, Solis, Basso, Mandeville, Carillo, Alexander, Padilla, Shipman, Marriott, Don Chesterman, and John H. Burk at Salinas Valley State Prison. The clerk shall also <u>mail courtesy copies</u> of the complaint and this order to the California Attorney General's Office. The clerk shall also serve a copy of this Order on plaintiff.

2. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds

plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

       b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

    3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

       a.    In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

       b.    In the event defendants file a motion for summary judgment,

---

[1] The following notice is adapted from the summary judgment notice to be given to <u>pro se</u> prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order After Remand
G:\PRO-SE\SJ.JW\CR.99\Myron265.svc.remand.wpd  4

the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.    All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

1 | 7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9 Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

DATED: March 14, 2008

JAMES WARE
United States District Judge

Order After Remand
G:\PRO-SE\SJ.JW\CR.99\Myron265.svc.remand.wpd   6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL MYRON,<br><br>        Plaintiff,<br><br>  v.<br><br>CAL TERHUNE, et al.,<br><br>        Defendants._____/ | Case Number: CV99-21265 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____3/20/2008_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Myron K-80153
CSP-Ironwood
Ironwood State Prison
P O Box 2199
Blythe, CA 92226

Dated: _____3/20/2008_____

                                        Richard W. Wieking, Clerk
                               /s/ By: Elizabeth Garcia, Deputy Clerk