IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MYRON,<br><br>　　　　　Plaintiff,<br><br>  vs.<br><br>CAL TERHUNE, et al.,<br><br>　　　　　Defendants. | No. C 99-21265-JW (PR)<br><br>ORDER DENYING MOTIONS TO COMPEL DISCOVERY; DIRECTING PLAINTIFF TO EFFECTUATE SERVICE UPON DEFENDANTS; DIRECTING CLERK TO REISSUE SUMMONS; GRANTING EXTENSION OF TIME TO FILE OPPOSITION;<br><br>(Docket Nos. 147, 149, 150, 152, 159, 162, 164, 170, 172, 175, 181 & 183) |

Plaintiff has filed several motions pertaining to discovery in this action filed pursuant to 42 U.S.C. § 1983, including the following: "motion to limit defense counsel's physical inspection of plaintiff's personal and unrelated legal material," (Docket No. 147); "motion for order of restraint and disclosure," (Docket No. 149); "motion for disclosure, subpoena and service," (Docket No. 150); "motion for court documents," (Docket No. 152); "motion for enforcement," (Docket No. 159); "emergency motion for return of legal property and sanctions," (Docket No. 162); "emergency motion for order and sanctions," (Docket No. 164); "emergency motion for immediate relief," (Docket No. 170); motions "to compel discovery," (Docket Nos. 172, 175 and 181); and a "motion for court action" (Docket No. 183).

Order Addressing Pending Motions
P:\PRO-SE\SJ.JW\CR.99\Myron265_motions2.wpd

1

**DISCUSSION**

A.  Motions Regarding Discovery

Plaintiff is reminded that discovery is generally undertaken between the parties without court intervention, under Rules 26-37 of the Federal Rules of Civil Procedure. Discovery matters are to be served on the parties, but not filed with the Court, except as provided by court order or under Rule 37.  See Fed. R. Civ. P. 5(a); 37.  To the extent that Plaintiff's motions seek to compel discovery, the motions are DENIED without prejudice for failure to comply with the meet-and-confer requirement of Federal Rule of Civil Procedure 37(a) and Local Rule 37-1.  See Fed. R. Civ. P. 37(a) (motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action); N.D. Cal. Local Rule 37-1 (same). Before attempting to compel discovery, plaintiff must first seek the information through discovery under Rule 26.  Plaintiff has provided no certification that he has attempted to do so.

On July 9, 2008, the Court partially granted plaintiff's prior motion for documents such that the Attorney General, who as counsel to defendants in this action, was ordered to supply plaintiff with a copy of his most recent complaint in this matter and exhibits thereto.  (See Docket No. 146.)  The Attorney General is directed to immediately comply with that order if he has not already done so.  In the same order, Iron State Prison ("ISP") officials were ordered to produce all responsive and non-privileged documents in plaintiff's prisoner files that relate to the claims in this pending action in accordance with the Director's Level Appeal Decision, (Pl.'s Mot. Ex. E), and to restore to plaintiff any legal material that can be located as it relates to this action.  ISP officials are directed to immediately comply with the Court's July 9, 2008 order if they have not already done so.

Defendants are reminded that they must comply in good faith and in a timely manner to plaintiff's requests for discovery in accordance with Rules 26-36 of the

Order Addressing Pending Motions
P:\PRO-SE\SJ.JW\CR.99\Myron265_motions2.wpd                    2

Federal Rules of Civil Procedure.

Plaintiff's motion for court action (Docket No. 183) is DENIED as moot by the instant court order.

B. <u>Unserved Defendants</u>

Plaintiff requests that the U.S. Marshal attempt service again on the unserved defendants in this case. (Docket No. 150.) The unserved defendants are Alfonso K. Fillion, P. Hamilton, J. Basso, P. Mandeville, S. Shipman, R. Peralez, B. White, John H. Burke, C. Picerking, Duck, Rita Clayton, J. Thompson, Smith, C. Moreno, Tann, V. Barron, Rings, Hill, Davis, Kilpatrick, E. Donnelly, Puig, Dr. Davis, M.S. Madison, Dr. Kuenzi, Dr. Parkinson, and Dr. Wittenberg. The request is partially granted as stated below.

1. <u>Unlocated Defendants</u>

It is plaintiff's responsibility to provide accurate addresses for defendants so they can be served by the United States Marshal. Defendants Shipman, Mandeville, and Basso are not where plaintiff said they are as all three defendants are no longer at the facility or unable to be located. (<u>See</u> Docket Nos. 132, 133 and 135.) Federal Rule of Civil Procedure 4(m) contemplates that service of process normally will be accomplished within four months of the filing of the complaint. Although the Court can have the Marshal serve process on a defendant, it is Plaintiff's responsibility to provide the address for each defendant to be served. Plaintiff must provide the Court with the addresses of these three defendants in a pleading no later than **twenty (20) days** from the date of this order, in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994). Alternatively, plaintiff himself may effect service and file proof of service of summons no later than **twenty (20) days** from the date of this order. Failure to either provide address information or effect service may result in dismissal of the complaint against these defendants under Rule 4(m).

### 2. More Information Needed

Plaintiff has named defendants for whom a first name or initial is lacking: Duck, Smith, Tann, Rings, Hill, Davis, Kilpatrick, Puig, Dr. Davis, Dr. Kuenzi, Dr. Parkinson, and Dr. Wittenberg. Plaintiff must provide the first name or initial and the address of these defendants to the Court in a pleading within **twenty (20) days** from the date of this order in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Failure to do so may result in dismissal of the complaint against these defendants.

### 3. Summonses Not Yet Returned

The summonses as to defendants Alfonso K. Fillion, P. Hamilton, R. Peralez, B. White, John H. Burke, C. Pickering, Rita Clayton, J. Thompson, C. Moreno, V. Barron, E. Donnelly, and M.S. Madison have not yet been returned either executed or unexecuted. It appears that these defendants have not been served. The clerk of the Court shall reissue summons and the United States Marshal shall serve, without prepayment of fees the following upon these defendants at Salinas Valley State Prison: (a) copies of the complaint in this matter, (b) all attachments thereto, (c) copies of the March 20, 2008 order, (d) copies of the Order issued on February 25, 2000, and (e) a copy of this order.

### C. Extension of Time to File Opposition

Defendants have filed a motion to dismiss (Docket No. 167) to which plaintiff has not filed an opposition although the deadlines has passed. According to the pleadings filed in this matter, plaintiff claims limited access to the library and problem conducting discovery. Although discovery is not necessary to filing an opposition to defendants' motion to dismiss, the Court will grant plaintiff an extension of time to do so. Plaintiff's opposition must be filed **no later than December 11, 2008**. Defendants shall file a reply within **fifteen (15) days** after the opposition is filed.

///

**CONCLUSION**

The Clerk of the Court shall reissue summons and the United States Marshal shall serve defendants in accordance with the above.

This order terminates Docket Nos. 147, 149, 150, 152, 159, 162, 164, 170, 172, 175, 181 and 183.

DATED: November 10, 2008

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES MYRON,

        Plaintiff,

  v.

CAL TERHUNE et al.,

        Defendants.

Case Number: CV99-21265 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   11/12/2008  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Myron K-80153
CSP-Ironwood
Ironwood State Prison
P O Box 2199
Blythe, CA 92226-2199

Dated:   11/12/2008

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk