IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MYRON,<br><br>       Plaintiff,<br><br>  vs.<br><br>CAL TERHUNE, et al.,<br><br>       Defendants. | No. C 99-21265 EJD (PR)<br><br>ORDER DENYING MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT; DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br><br>(Docket No. 167) |

Plaintiff in the above titled action filed a pro se civil rights complaint under 42 U.S.C. § 1983, with several other inmates, alleging unconstitutional acts by Salinas Valley State Prison ("SVSP") officials. Defendants were granted summary judgment with respect to two claims, and judgment was entered on March 30, 2004.[1]

---

[1] On February 25, 2000, the Court dismissed with leave to amend several of plaintiffs' claims against prison officials at Salinas Valley State Prison ("SVPS"), including the first claim in which they alleged, among other things, "overcrowding and understaffing," and "oppressive cell conditions." The Court dismissed without leave to amend plaintiffs' eighth claim that their First and Fourteenth Amendment rights were violated when SVSP prison officials refused to allow them to start a political action committee and a prison newspaper as frivolous. Plaintiffs never amended. On October 17, 2001, the Court ordered service of two cognizable claims: 1) denial of access to the courts, and 2) inadequate medical care while incarcerated at

Only plaintiff Myron appealed from the court's *sua sponte* dismissal of six of his claims and from summary judgment on the two remaining claims. On December 3, 2007, the Ninth Circuit Court of Appeals affirmed in part, reversed in part, dismissed in part, and remanded the case for further proceedings. (Docket No. 90.) The Ninth Circuit affirmed summary judgment and all of the *sua sponte* dismissals except for two claims. The Court of Appeals reversed and remanded for further proceedings Plaintiff's first and eighth claims, which were stated as follows respectively: 1) "overcrowding and understaffing" and "oppressive cell conditions"; and 2) the violation of First and Fourteenth Amendment rights when prison officials refused to allow Plaintiff to start a political action committee and access to newspapers and magazines. In accordance with the decision of the Ninth Circuit, the Court allowed the two claims to proceed on the merits and ordered service of the complaint upon Defendants. Defendants filed a motion to dismiss on various grounds, or alternatively, move for a more-definite statement. (Docket No. 167.) Plaintiff filed an opposition, and Defendants filed a reply.[2]

## DISCUSSION

**I.     Plaintiff's Claims**

Plaintiff's claim alleging "overcrowding and understaffing" is stated as follows in the original complaint:

> Salinas Valley State Prison (hereinafter S.V.S.P.) was designed to house 2,024 single-cell inmates. Federal and State government agencies appropriated and approved funding for S.V.S.P., before and after inspecting the site, based on the design capacity of 2,024 single cells. "Overcrowding" occurred when the inmate population was caused to exceed design capacity on a date currently unknown to Plaintiffs. Overcrowding has continued since that time, and S.V.S.P. single cells, which are now double-bunked, currently house 3,947 inmates, 195% over design capacity. The overcrowding at S.V.S.P. is not a temporary

---

SVSP. The Court granted defendants' motion for summary judgment as to these two claims on March 30, 2004.

[2] The matter was reassigned to this Court on May 3, 2011. (See Docket No. 245.)

> situation and has gone on for three (3) years. There is no C.D.C. projected plan to reduce the S.V.S.P. population to design capacity or comply with minimum-cell-size standards.
> S.V.S.P. is understaffed as a result of overcrowding, and line officers, as well as support services personnel, must constantly perform double-duty shifts directly affecting their efficiency levels, and jeopardizing their safety as well as Plaintiffs'.
> S.V.S.P. has led, and still is, one of the leading institutions in reported incidents of prisoner-on-prisoner assaults and prisoner-on-staff assaults as a direct result of this overcrowding and understaffing.
> All Plaintiffs have been confined (starting dates: Myron 3-9-98...) and are currently confined at S.V.S.P. and have been subjected to overcrowding and understaffing which are the root cause of the constitutionally impermissible environment.
> All Plaintiffs during their S.V.S.P. confinement have suffered, and continue to suffer, the pain, anxiety, stress and tension of possible assaults upon them from other prisoners including, but not limited, to, staff-inspired assaults for exercising Plaintiff's constitutional rights of free speech, access to the courts and redress of grievances as a result of the overcrowding and understaffing.
> All Plaintiffs during their S.V.S.P. confinement have suffered, and continue to suffer, from pain, increased anxiety, stress and tension due to overcrowding and understaffing. Overcrowding and understaffing have resulted in the constant threat of violence, mayhem, actual and potential accidental shootings, and 24-hour-a-day lockdowns extending for months at a time.
> All Plaintiffs during their S.V.S.P. confinement have suffered, and continue to suffer, mental, emotional and psychological injury as a result of overcrowding and understaffing.
> ...

(Compl. at 5-7; Docket No. 1)

Plaintiff's claim alleging "oppressive cell conditions" is stated as follows in the original complaint:

> S.V.S.P.'s overcrowding has created, and continues to create, oppressive living conditions, which are violations of Plaintiffs' 8th Amendment rights under the United States Constitution.
> Plaintiffs have been, and continue to be, involuntarily double-bunked in a cell designed for one prisoner, and are limited to approximately 13 square feet of "move-around" space and less than C.D.C. minimum standards.
> Plaintiffs have suffered, and continue to suffer from inadequate ventilation, which undermines their health and the sanitation of their cells.
> Plaintiffs have suffered, and continue to suffer, exposure to hazardous fluorescent lighting, exacerbated by unacceptable close range due to double-bunking.
> Plaintiffs have been, and continue to be, denied adequate cleaning supplies to maintain an adequate level of sanitation and cleanliness in their cells on a consistent basis.
> Plaintiffs have been, and continue to be, denied adequate clothing and/or bedding.

> Plaintiffs do not have a fire safety sprinkler head installed in their cells, nor have Defendants provided adequate fire evacuation, procedures or drills.
> S.V.S.P. is located in an earthquake-prone geographic zone, and Plaintiffs have not been advised by Defendants of any emergency procedures.
> Plaintiffs' unpainted concrete cells, combined with inadequate space, have caused, and continue to cause, Plaintiffs to suffer mental depression and emotional distress.
> Plaintiffs have been, and continue to be, subjected to unsafe and unfiltered drinking water in their cells.
> Plaintiffs have suffered, and continue to suffer, from inadequate lighting due to double-bunking.

(Id. at 7-8.)

Plaintiff's claim that Defendants denied his constitutional rights "secured by the 1st Amendment freedom of speech, freedom of the press, and Plaintiffs' right to petition the government for redress of grievances" is based on the following alleged facts in the original complaint:

> Defendants Terhune, Chesterman, Burk and Lamarque's policies, rules, regulations, actions or inactions have denied, and continue to deny, Plaintiffs their constitutional rights secured by the 1st Amendment to freedom of speech, freedom of the press, and Plaintiffs' right to petition the government for a redress of grievances.
> ...
>
> This constitutionally impermissible environment created by Defendants Terhune, Chesterman, Burk, Lamarque and at this time other unknown individuals/Defendants, combined with other actions or inactions caused and/or created the following:
> Plaintiff Myron has been told he cannot form a political action committee for prisoners to petition government officials to address prisoner's interests.
> Plaintiff Myron has been told he cannot start an institutional newspaper despite the provisions of Article 5, Title 15, Section 3250 et seq.
> Plaintiffs have been denied access to the library to read current newspapers or magazines.
> Plaintiffs have been denied access to all library services during periods of lockdown. Defendants have curtailed the hours of library services due to a lack of staffing, space and resources.

(Id. at 25.)

## II.   Motion to Dismiss

Defendants argue that the complaint should be dismissed because it fails to

comply with the Federal Rules of Civil Procedure in several respects. Firstly, they argue that Plaintiff's complaint violates Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," because it provides too little information about the grounds that support plaintiff's claims for relief. (Mot. at 5-6.) Defendants also argue that the complaint is deficient because it fails to state a claim upon which relief may be granted, and therefore is subject to dismissal under Rule 12(b)(6). (Id. at 7-8.) Lastly, Defendants contend that the complaint violates Rule 18(a) and Rule 20 because it contains unrelated claims against multiple defendants arising out of different transactions or occurrences, (id. at 8-9), and that it violates Rule 20 because it raises numerous claims against numerous defendants arising out of different transactions or occurrences over an undefined period of time, (id. at 20).

    1.    Rule 8(a)(2) and Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Furthermore, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.[3] This standard applies to all cases. See, e.g., Ashcroft v. Iqbal, 129 S. Ct. 1937,

---

[3] Twombly disapproved the "no set of facts" language in Conley v. Gibson, 355 U.S. 41 (1957). Conley had stated "the accepted rule that a complaint should not be

1952 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

Although a pro se pleading must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Twombly, 550 U.S. at 570 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)),[4] liberally construed, the complaint fails to meet even the minimum pleading requirements with respect to each individual defendant's liability, Plaintiff's complaint is insufficient and fails to give the individual defendants "fair notice" of the claims and the "grounds upon which it rests." Erickson, 551 U.S. at 93.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment

---

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. Twombly decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 550 U.S. at 562.

[4] Because Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings, we continue to construe pro se filings liberally, especially where the plaintiff is a pro se prisoner in a civil rights matter. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See Leer, 844 F.2d at 633 (citations omitted). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff makes no specific allegation with respect to each defendant's acts or omissions which caused a deprivation of his rights. The remaining defendants are Alexander, Carillo, Chesterman, Harris, Lamarque, Larson, Lindsey, Mandeville, Marriott, Mayle, Padilla, Solis, Terhune and Ylst, none of whom were mentioned by name in Plaintiff's claim regarding overcrowding/understaffing or oppressive cell conditions. See supra at 2-4. Only Defendants Terhune, Chesterman, Burk, and Lamarque are mentioned in Plaintiff's First Amendment claim, but the allegations against are them conclusory as Plaintiff fails to provide specific facts as to how each defendant was personally involved in the violation. Id. at 4. Accordingly, the complaint contains insufficient allegations showing how each named Defendant was personally involved in the deprivation of Plaintiff's rights.

2. Rule 18(a) and Rule 20

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way – that is, if there was not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

Defendants assert that Plaintiff's complaint raises unrelated claims against numerous served an unserved defendants. (Mot. at 9-10.) They argue that Plaintiff has not alleged that Defendants participated in the same transaction or series of transactions or that there exists a question of fact that is common to all of them. (Id. at 10.) In opposition, Plaintiff urges that discovery is necessary for him fully comply and provide exact dates, times and actions with respect to each defendant. (Oppo. at 14.)

It is undisputed that Plaintiff's complaint contains insufficient information with respect to the claims against each Defendant to allow them to properly respond and defend. Plaintiff's claim of overcrowding/understaffing and oppressive cell conditions do not appear to be related to his First Amendment claims, and it is not known whether the two claims involve the same Defendants. Without specific factual allegations, this action cannot proceed. Because it appears that the parties do not object to proceeding with Plaintiff filing an amended complaint, the motion to dismiss is DENIED.

### III. Motion for More Definite Statement

In the alternative, Defendants move that Plaintiff be directed to provide a more definite statement of facts that would give Defendants fair notice of any intelligible claims and the grounds upon which they rest. However, the Court finds that dismissal

with leave to amend is more appropriate in order for the Court to screen the amended complaint before proceeding with further briefing. The motion for more definite statement is therefore DENIED.

### IV. Dismissal with Leave to Amend

Plaintiff is directed to file an amended complaint that corrects the deficiencies discussed above, including compliance with the Federal Rules of Civil Procedure. In his amended complaint, Plaintiff must specify the claims he is raising against each defendant, what facts form the basis of each claim against each defendant, what each defendant did that makes him or her liable for violating Plaintiff's rights, and how Plaintiff was injured by a particular defendant's conduct. See supra at 6-7. Plaintiff may only plead claims which are the subject of his appeal: 1) "overcrowding and understaffing" and "oppressive cell conditions"; and 2) the violation of First and Fourteenth Amendment rights when prison officials refused to allow Plaintiff to start a political action committee and access to newspapers and magazines.

Plaintiff is also advised that a defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown. Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding jury instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. See Hopkins v. Bonvicino, 573 F.3d 752, 769-70 (9th Cir. 2009) (holding that although "integral participant" rule may not be limited to officers who provide armed backup, officer who waits in front yard and does not participate in search of residence not an integral participant); Torres v. City of Los Angeles, 548 F.3d 1197, 1205-06 (9th Cir. 2008); Jones v. Williams, 297 F.3d 930, 936 (9th Cir. 2002).

///

# CONCLUSION

For the foregoing reasons, the Court orders as follows:

Defendants' motion to dismiss the complaint and alternative motion for more definite statement is DENIED. The complaint is DISMISSED WITH LEAVE TO AMEND. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 99-21265 EJD (PR).

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 167.

DATED: 9/27/2012

EDWARD J. DAVILA
United States District Judge

Order Dismissing Complaint with Leave to Amend
G:\PRO-SE\SJ.EJD\OLDER CASES\Myron99-21265_dwlta.wpd  10

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES MYRON,

        Plaintiff,

  v.

CAL TERHUNE, et al.,

        Defendants.

Case Number: CV99-21265 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/27/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Myron K-80153
Folsom State Prison
P. O. Box 950
Folsom, CA 95763

Dated: 9/27/2012

                               Richard W. Wieking, Clerk
                            /s/ By: Elizabeth Garcia, Deputy Clerk