1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES MYRON, | ) | No.  C 99-21265 EJD (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | CONTINUANCE AND GRANTING |
| vs. | ) | EXTENSION OF TIME TO FILE AN |
| | ) | AMENDED COMPLAINT; |
| | ) | REQUESTING ATTORNEY |
| CAL TERHUNE, et al., | ) | GENERAL'S OFFICE TO PROVIDE |
| | ) | COPIES OF DOCUMENTS TO |
| Defendants. | ) | PLAINTIFF |
| | ) | |
| _____ | ) | (Docket No. 253) |

Plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging

unconstitutional acts by Salinas Valley State Prison ("SVSP") officials.  On September

27, 2012, the Court denied Defendants' motion to dismiss and motion for more definite

statement, and dismissed the complaint with leave to amend within twenty-eight days of

the order.  (Docket No. 251.)

On October 11, 2012, Plaintiff filed a motion for a continuance and relief,

requesting an indefinite period of time to file an amended complaint and a request for

documents from Defendants.  (Docket No. 253.)  Defendants filed a response opposing an

indefinite extension of time, asserting that a extension of thirty days is appropriate.

(Docket No. 254.)

1     Plaintiff asserts that he is missing "evidence, work product, legal pleadings,

2  discovery and case law" and that "without these documents" he "can not [*sic*] show that

3  the defendants proximately caused the constitutional violations by showing the exact

4  affirmative acts or participation in those acts by others."  (Mot. at 2.)  In support, Plaintiff

5  attaches a copy of his inmate grievance on the matter.  (Mot. Attach.)  However, the

6  Director's Level Decision reveals that while at Wasco State Prison ("WSP") Plaintiff was

7  provided with 12 of the 14 missing boxes of legal material which were allegedly damaged

8  by water.  (Id. at 1.)  Senior Librarian Rojas attested to personally copying all of

9  Plaintiff's paperwork and stated that Plaintiff did not complain to her about the copies.

10  (Id.)  The Court notes that Plaintiff submitted this inmate grievance on December 21,

11  2011, at which time he already had 12 boxes of legal material.  Also attached is an inmate

12  grievance filed on August 20, 2012, claiming that WSP sent only 16 out of 17 boxes

13  during his recent transfer.  However, Plaintiff fails to identify what legal documents he is

14  missing by this lost box.

15     Defendants assert that Plaintiff has no justification for an extension.  They assert

16  that he was provided with "1573 copies of legal documents pages" in February 2009

17  which he refused to review despite the fact that he had asked prison officials for them to

18  help refresh his recollection of the case.  (Opp. at 2.)  The Directors Level Decision also

19  granted relief in directing WSP to investigate the matter and resolve the question of

20  whether Plaintiff had received all his property during the transfer in December 2011.

21     For the foregoing reasons, the Court finds that an indefinite continuance is not

22  appropriate, but will grant Plaintiff an extension time to file an  amended complaint.

23  Plaintiff shall file an amended complaint **no later than fifty-six (56) days from the date**

24  **this order is filed.**

25     Plaintiff requests that the Attorney General's Office provide copies of the

26  pleadings and the "C" file documents they had previously replaced, and also requests that

27  the CDCR Internal Affairs Office "conduct a full and fair investigation into all of

28  Plaintiff's legal and personal property lost, stolen or destroyed" by various prisons.  In the

Order Granting Ext. Of Time
Myron99-21265_eot-amend.wpd

1   interest of justice, the Attorney's General Office is requested to comply with Plaintiff's

2   request and provide the requested documents one final time, and to provide notice of

3   compliance with this request within twenty days of the date this order is filed.  Plaintiff's

4   request for an internal affairs investigation is DENIED as being beyond the scope of this

5   action. The inmate appeals process is the appropriate avenue for relief with regards to his

6   missing property claim.

7          This order terminates Docket No. 253.

8   DATED:    _____10/26/2012_____                    _____

9                                                     EDWARD J. DAVILA
                                                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Ext. Of Time
Myron99-21265_eot-amend.wpd                          3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JAMES MYRON,

              Plaintiff,

  v.

CAL TERHUNE, et al.,

              Defendants.

                             /

Case Number: CV99-21265 EJD

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____10/29/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.



James Myron K-80153
Folsom State Prison
P. O. Box 950
Folsom, CA 95763


Dated: _____10/29/2012_____

                                 Richard W. Wieking, Clerk
                         /s/ By: Elizabeth Garcia, Deputy Clerk